## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KAYLA HIGGINS**                                                    **CIVIL ACTION**

**VERSUS**                                                                   **No. 24-969**

**ACE AMERICAN INSURANCE**                                **SECTION I**
**COMPANY ET AL.**

### ORDER & REASONS

Before the Court is a motion[1] to remand the above-captioned matter to the Orleans Parish Civil District Court filed by plaintiff Kayla Higgins ("plaintiff"). Defendants Ace American Insurance Company, AutoZone Texas LLC, AutoZone Inc., and Howard Seay (collectively, "defendants") oppose the motion.[2] For the reasons that follow, the Court grants plaintiff's motion to remand.

### I. BACKGROUND

On February 27, 2024, plaintiff filed a complaint in the Orleans Parish Civil District Court.[3] Plaintiff alleges that, on March 8, 2023, a vehicle owned by AutoZone Texas LLC and/or AutoZone Inc. and operated by Howard Seay struck plaintiff in an AutoZone Auto Parts parking lot.[4] Plaintiff argues that defendants are jointly liable for her damages, including past and future pain and suffering, past and future loss

---

[1] R. Doc. No. 10.
[2] R. Doc. No. 11.
[3] R. Doc. No. 1-1, at 2.
[4] *Id.* ¶ III.

of enjoyment of life, disability, past and future medical expenses, loss of past and future earnings, and loss of consortium.[5]

On April 17, 2024, defendants removed this action to this Court.[6] Defendants contend that this Court has diversity jurisdiction because all parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.[7] In support of defendants' allegation that the amount in controversy exceeds $75,000, defendants' notice of removal states:

> [P]laintiff [ ] alleges that she is entitled to "...past and future physical pain and suffering, past and future mental pain and suffering, past and future loss of enjoyment of life, disability to the body, past and future medical expenses, loss of past and future earnings, loss of future earning capacity, and loss of consortium". Further, plaintiff['s] counsel provided medical records that are alleged to show both cervical and lumbar herniated discs on MRI. Finally, undersigned counsel inquired to plaintiff counsel as to the extent of plaintiff's injuries. Plaintiff counsel has indicated that that because of the extent of the injuries, [plaintiff] cannot stipulate that this case is worth less than $75,000. Plaintiff['s] counsel provided a settlement demand of $75,000. Plaintiff's settlement demand provides a quantum study including cases with value in excess of $75,000. . . Plaintiff, although allowed to, has failed to include in her Petition a general allegation that his claims exceed or are less than the requisite amount to establish federal jurisdiction.[8]

In her motion to remand, plaintiff argues that defendants have not demonstrated that the amount in controversy exceeds $75,000.[9] More specifically, she argues that, at the time of removal, her medical expenses totaled approximately $6,000 and remand has been appropriate in cases concerning similar injuries where

---

[5] *Id.* ¶ VII.
[6] R. Doc. No. 1.
[7] *Id.* at 2–3.
[8] *Id.*
[9] R. Doc. No. 10-1, at 4.

the plaintiff had incurred less than $15,000 in medical expenses.[10] Plaintiff also asserts that "she has not even been referred for injection or surgical intervention."[11]

In response, defendants highlight that plaintiff's pre-removal demand and medical records show she suffers from herniated discs at C4-C5 and L5-S1, bulging discs at C5-C6 and C6-C7, cervical facet syndrome, and lumbosacral facet syndrome.[12] Defendants also argue that plaintiff's quantum analysis range suggests her general damages are between $105,000 to $207,800 based on damage awards in other cases.[13] Defendants also argue that, in a similar case in this district, another section of this court held that the defendant had shown by the preponderance of the evidence that the plaintiff's claim is likely to exceed $75,000.[14] Defendants further contend that plaintiff's failure to stipulate that her damages are below $75,000 provides evidence that plaintiff's motion should be denied.[15]

## II. LAW

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. "A federal district court has subject matter jurisdiction

---

[10] *Id.* at 8.
[11] *Id.* at 9.
[12] R. Doc. No. 11, at 3.
[13] *Id.*
[14] *Id.* at 4 (citing *Cook v. Walmart, Inc.*, No. CV 20-02945, 2021 WL 1440135, at *2 (E.D. La. Apr. 16, 2021) (Milazzo, J.)).
[15] *Id.* at 5.

over a state claim when the amount in controversy [exceeds $75,000] and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)).

The "party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

"When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Franco v. Teasdale*, No. CIV.A.06-27554, 2006 WL 2224743, at *1 (E.D. La. Aug. 1, 2006) (Africk, J.) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).[16] "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy-

---

[16] The Court notes that "Louisiana plaintiffs, however, are ordinarily prohibited from specifying a monetary amount of damages in their state court petitions." *Franco*, 2006 WL 2224743, at *1. Therefore, a removing defendant in Louisiana must prove by the preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.*

preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

"Once a defendant has made such a showing, diversity jurisdiction may be defeated only if the plaintiff demonstrates to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Id.* (citing *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002)); *see also Peters v. USAA Cas. Ins. Co.*, No. CV 23-5300, 2023 WL 7489895, at *1 (E.D. La. Nov. 13, 2023) (Vance, J.).

### III. ANALYSIS

Because plaintiff does not dispute that the parties have complete diversity of citizenship,[17] the Court will only address the amount in controversy. It is not facially apparent from the allegations of plaintiff's petition that her claim is likely to exceed $75,000 because her petition only generally identifies the categories of damages that she seeks. Therefore, defendants must demonstrate by a preponderance of the evidence that the requisite amount has been satisfied. *See Franco v. Teasdale*, 2006 WL 2224743, at *1.

Having considered the evidence presented, the Court finds that defendants have not satisfied their burden. Defendants have not provided any evidence of plaintiff's costs incurred so far, although plaintiff's motion notes that her expenses have been only $6,000.[18] Furthermore "[d]efendant[s] do[ ] not submit any evidence

---

[17] R. Doc. No. 10-1, at 1, 3 n.3.
[18] *Id.* at 7.

of any future medical treatments anticipated at the time of removal[.]"*Barrow v. James River Ins. Co.*, No. CV 16-15967, 2017 WL 656725 (E.D. La. Feb. 15, 2017) (Brown, C.J.). Additionally, defendants have not submitted any evidence with respect to the value of plaintiff's claims for loss of future earning capacity, lost wages, or loss of consortium. "Although [d]efendant[s] point[ ] to [cases] where damages exceeding $75,000 were awarded, the [d]efendant[s] 'must do more than merely show that plaintiff *could* recover more than the jurisdictional amount' to satisfy [their] burden.'" *Id.* (emphasis added) (quoting *Silva v. Hartford Ins. Co. of the Midwest*, No. 15-5844, 2016 WL 4501288, at *5 (E.D. La. Aug. 29, 2016) (Brown, C.J.) and *Bourg v. Fireman's Fund Ins. Co.*, No. 99-1066, 1999 WL 335636, at *1 (E.D. La. May 24, 1999) (Clement, J.)).

Defendants rely on a case that they argue is similar, wherein another section of this court explained that "[n]early two decades ago, Louisiana's Fifth Circuit Court of Appeal held that 'the lowest general damage award' for a single 'non-surgical herniated disc' was $50,000." *Cook*, 2021 WL 1440135, at *2 (citing *Webb v. Horton*, 812 So.2d 91 (La.App. 5 Cir. 2002)). However, defendants have not demonstrated that either of those cases are comparable. In *Cook*, the plaintiff had already suffered $12,755 in medical expenses, she was still treating, she had been billed $4,000 for MRIs, and she had been recommended $5,228 steroid injections. *Id.* In *Webb*, the plaintiff had sustained a herniated disc that, while non-surgical, caused her daily pain, required physical therapy, and necessitated multiple medical visits per year to manage pain. *See generally Webb*, 812 So.2d 91. In the present case, plaintiff's

medical expenses total only approximately $6,000, and defendants have not demonstrated that she has been referred for *any* future treatment.

"Furthermore, [courts in this district have] repeatedly held that unoperated herniated discs do not meet the jurisdictional minimum." *McCain v. Winn-Dixie Montgomery, LLC*, No. CV 16-1546, 2016 WL 2908418, at *4 (E.D. La. May 19, 2016) (Lemelle, J.) (citing *Anderson v. Great W. Cas. Co.*, No. CIV.A. 09-7716, 2010 WL 420572, at *1 (E.D. La. Jan. 29, 2010) (Berrigan, J.)); *see also Gallin v. Tyson Foods, Inc.*, No. CV 19-10070, 2019 WL 2611126, at *4–5 (E.D. La. June 26, 2019) (Africk J.) (remanding where the plaintiff had suffered cervical and lumbar disc herniations, incurred $20,181 in medical expenses, and was a candidate for future treatment because the defendants had not presented any evidence with respect to the likelihood and cost of future treatment).[19]

Defendants also suggest that plaintiff's settlement offer of $75,000 supports their argument that this Court has jurisdiction. While a settlement offer may be valuable proof of the amount in controversy, the amount in controversy must be

---

[19] *See also Hitchens v. Bunch*, No. CV 21-1410, 2021 WL 5822639, at *5 (E.D. La. Dec. 8, 2021) (Milazzo, J.) (remanding where the plaintiff had suffered almost $5,000 in medical expenses and was allegedly beginning more treatment on her bulging disk). *Loftin v. Hughes*, No. 14-1608, 2014 WL 3893313, at *4 (E.D. La. Aug. 7, 2014) (Brown, J.) (remanding because defendants could only substantiate less than $7,000 in medical bills and did not provide any evidence with respect to the plaintiff's future treatment costs); *Arnold v. Lowe's Home Centers, Inc.*, No. CIV.A. 10-4454, 2011 WL 976512, at *1 (E.D. La. Mar. 16, 2011) (Berrigan, J.) (remanding where the plaintiff had incurred $12,000 in medical expenses related to his herniated disc but no records indicated that he would require future treatment); *Turner v. Winn Dixie*, No. CIV.A. 08-3787, 2009 WL 159294 (E.D. La. Jan. 21, 2009) (Berrigan J.) (remanding where the plaintiff had a herniated disc and four treating physicians but the defendant had provided no evidence of the amount of damages associated with the plaintiff's injury).

supported by evidence. *Anderson*, 2010 WL 420572, at *1 (explaining that a settlement offer is not determinative "in the absence of any medical proof supporting that amount; otherwise, subject matter jurisdiction could be effectively conferred by consent").

While defendants assert that plaintiff has refused to stipulate that her damages are less than $75,000, "a failure to stipulate is only one factor to consider in determining whether a defendant has met its burden, and it alone will not defeat a [p]laintiff's motion to remand." *Meza v. Best W. Int'l, Inc.*, No. CIV.A. 10-2623, 2010 WL 5146524, at *2 n.3 (E.D. La. Dec. 8, 2010) (Engelhardt, J.); *see also Mabry v. Gov't Emp.'s Ins. Co.*, 267 F. Supp. 3d 724 (N.D. Miss. 2017) (remanding where the defendant offered no evidence of the amount in controversy and relied solely on the plaintiff's refusal to stipulate).

"In addition, the Court is mindful that removal jurisdiction is strictly construed." *Anderson*, 2010 WL 420572, at *1 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). "While it is certainly possible that [plaintiff] could receive more than $75,000 in damages, the evidence presented at this time by [defendants] does not make such a result appear more likely than not." *McCain*, 2016 WL 2908418, at *4. Because "any ambiguity should be interpreted in favor of remand, this Court finds that the $75,000 jurisdictional threshold is not met here." *Id.*

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff's motion to remand is **GRANTED**. The above-captioned matter is **REMANDED** to the Orleans Parish Civil District Court.

New Orleans, Louisiana, May 31, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**